**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000500
14-JUN-2017
08:10 AM**

NO. CAAP-16-0000500

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTINA K. CLARKE, Petitioner-Appellant,
v.
KONA WONG, Respondent-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-DA NO. 16-1-0084)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Petitioner-Appellant Christina K. Clarke (**Petitioner**) appeals from an Order Dissolving Temporary Restraining Order for Protection, filed on June 3, 2016, in the Family Court of the Fifth Circuit (**family court**).[1]

On appeal, Petitioner contends that the family court abused its discretion when it did not grant an order for protection because: (1) it did not consider evidence of past acts of abuse by Respondent-Appellee Kona Wong (**Respondent**); and (2) it found that no recent act of abuse occurred.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised, and the applicable legal authorities, we resolve Petitioner's points of error as

---

[1] The Honorable Edmund D. Acoba presided.

follows and affirm.

On May 19, 2016, Petitioner filed a Petition for an Order for Protection (**Petition**), pursuant to Hawaii Revised Statutes (**HRS**) Chapter 586 (Domestic Abuse Protective Orders) in which Petitioner alleged several instances of abuse by Respondent, her ex-husband, starting in 2007 and including an incident on May 13, 2016. Based on the Petition, the family court issued a Temporary Restraining Order to Respondent.

Subsequently, a two day evidentiary hearing was held and the family court ruled that there was insufficient evidence to grant a protective order. On June 3, 2016, the family court filed the Order Dissolving Temporary Restraining Order for Protection. Petitioner timely appealed from the order.

(1) Petitioner contends that the family court failed to consider a past act of alleged abuse by Respondent in 2007, citing to Hill v. Inouye, 90 Hawai'i 76, 976 P.2d 390 (1998). In Hill, the Hawai'i Supreme Court concluded that a petitioner requesting a protective order is not required to show recent acts of abuse. Id. at 84-85, 976 P.2d at 398-99. The supreme court further concluded that "[a] showing of 'recent' acts may be an indicator of imminent abuse or damage, but the family court must take into consideration all facts presented by the petitioner and the respondent to determine whether 'a protective order is necessary to prevent domestic abuse or a recurrence of abuse[.]'" Id. at 85, 976 P.2d at 399.

This case is unlike Hill. In Hill, the family court required the petitioner to show recent acts of abuse at the hearing. Id. at 78, 84, 976 P.2d at 392, 398. By contrast, in this case, the family court did not require Petitioner to show only recent acts of abuse, but rather allowed her to present evidence of the alleged 2007 incident. Moreover, during the hearing, the family court affirmatively noted that the Petition alleged incidents dating back to 2007 and that evidence of the parties' interaction after 2007 was relevant to show how the relationship has been since then. Thus, the record does not

support Petitioner's contention that the family court failed to consider the alleged 2007 incident.

(2) Petitioner further contends the family court erred when it "simply decided to believe" Respondent's version of an incident that occurred on May 13, 2016.

"[A]n appellate court will not pass upon issues dependent upon [the] credibility of witnesses and the weight of the evidence; this is the province of the trial judge." Kie v. McMahel, 91 Hawai'i 438, 444, 984 P.2d 1264, 1270 (App. 1999) (citation omitted).

Here, Petitioner and Respondent presented conflicting evidence about the incident on May 13, 2016. At the conclusion of the two-day hearing on the Petition, the family court stated that the incident started with Petitioner interfering with Respondent's allocated time with their daughter. The family court further noted that the video evidence that Petitioner presented was actually damaging to Petitioner because it shows that she provoked the incident by not driving away after she dropped their daughter off with Respondent and instead stopped her car and entered Respondent's vehicle with her phone and without Respondent's permission. Further, although Petitioner testified that Respondent used unreasonable force against her, a witness who knows both Petitioner and Respondent and who was present near the scene, testified that she did not see any physical altercation between Petitioner and Respondent. The family court also noted that Petitioner did not present evidence corroborating her alleged injuries from the incident. Thus, the family court concluded that there was insufficient evidence to grant the protective order.

There is substantial evidence to support the family court's ruling that there was no abuse by Respondent on May 13, 2016. Moreover, it is the province of the family court to weigh the credibility of the witnesses. We do not disturb the family court's conclusion in this case.

3

Therefore, IT IS HEREBY ORDERED that the Order Dissolving Temporary Restraining Order for Protection, filed on June 3, 2016, in the Family Court of the Fifth Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, June 14, 2017.


On the briefs:

Rosa Flores,
for Petitioner-Appellant.

Lisa R. Arin,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge